IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 04-00055 HG-01 |
| | ) | Civ. No. 16-cv-00127 HG-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DERRICK COSTA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT DERRICK COSTA'S MOTION FOR RELEASE ON
BAIL (ECF NO. 29)**

Defendant Derrick Costa has filed a Motion for Release on
Bail (ECF No. 29) pending the resolution of his claim under 28
U.S.C. § 2255 that his sentence is unconstitutional pursuant to
<u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) and <u>Descamps v.
United States</u>, 133 S.Ct. 2276 (2013).

Defendant's Motion for Release on Bail (ECF No. 29) is
**DENIED**.

**<u>BACKGROUND</u>**

On April 29, 2004, Defendant pled guilty, pursuant to a plea
agreement, to the one count in the Indictment of being a
convicted felon in possession of ammunition in violation of 18
U.S.C. §§ 922(g)(1), 924(a)(2).  (ECF Nos. 9, 15, 19).

1

Defendant's conviction for being a felon in possession of ammunition was subject to a statutory mandatory maximum of ten years imprisonment.  18 U.S.C. § 924(a)(2).  Defendant was subject to sentence enhancement based on the Armed Career Criminal Act.

Pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), a defendant convicted of possession of ammunition who has three or more prior convictions for "a violent felony or a serious drug offense or both" is subject to a statutory mandatory minimum sentence of fifteen years imprisonment.  18 U.S.C. § 924(e)(1).

A violent felony is defined in 18 U.S.C. § 924(e)(2)(B) as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
>
> 18 U.S.C. § 924(e)(2)(B).

**The Enumerated Offense Clause:**

The first clause in Section 924(e)(2)(B)(ii) covers "burglary, arson, or extortion, or involves use of explosives." It is called **the Enumerated Offense Clause.**  18 U.S.C. § 924(e)(2)(B)(ii).

**The Residual Clause:**

The second clause in Section 924(e)(2)(B)(ii) covers a prior unenumerated crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Such a crime falls under what is called **the Residual Clause.**  18 U.S.C. § 924(e)(2)(B)(ii).

**DEFENDANT'S PLEA AGREEMENT**

In his Memorandum of Plea Agreement, Defendant stipulated that he was an Armed Career Criminal, stating he had three prior convictions for Burglary in the First Degree in violation of Section 708-810 of the Hawaii Revised Statutes.  (Memo. of Plea Agreement at ¶¶ 8(a)-(c), 10(b)(i), ECF No. 17).

In exchange for Defendant's guilty plea to the one-count Indictment, the Government agreed not to charge the Defendant with an additional charge for possession of an object that is designed or intended to be used as a weapon in violation of 18

U.S.C. § 1791.   (Memo. of Plea Agreement at ¶ 4, ECF No. 17).
Defendant's possession of object charge was alleged to have
occurred while Defendant was being held as an inmate at the
Federal Detention Center.  (Id.)

Defendant agreed to the following in his Memorandum of Plea
Agreement:

> The Defendant understands that he will likely be
> considered an Armed Career Criminal and will be subject
> to the mandatory minimum sentence of 15 years for
> pleading guilty to the single-count Indictment pursuant
> to Title 18, United States Code of 924(e).  The
> Defendant further understands that the United States'
> agreement not to prosecute him for the possession of
> the prohibited object means that he will not be subject
> to a consecutive sentence, pursuant to Title 18, United
> States Code, Section 1791(c), had he been charged and
> found guilty of such offense.

(Memo. of Plea Agreement at ¶ 4, ECF No. 17).

**DRAFT PRESENTENCE REPORT AND GOVERNMENT'S RESPONSE**

The Probation Office prepared a Draft Presentence Report
that was submitted to the Parties following the Court's
acceptance of Defendant's guilty plea.

After receiving the Draft Presentence Report, the Government
learned that the stipulation in Defendant's Memorandum of Plea
Agreement stating that he had three prior convictions for
Burglary in the First Degree was incorrect.  (Gov't Opp. at p. 4,
ECF No. 32).

Defendant's conviction record revealed that he was

4

previously convicted of:

    (1)    Two counts for <u>Burglary in the First Degree</u> in violation of Haw. Rev. Stat. § 708-810; and,

    (2)    Two counts for <u>Burglary in the Second Degree</u> in violation of Haw. Rev. Stat. § 708-811.

(<u>Id.</u>)

On July 20, 2004, the Government filed a "RESPONSE TO THE PROPOSED PRESENTENCE REPORT," pointing out the correction to the list of Defendant's convictions.  (ECF No. 20).

The Government stated in its Response that Defendant remained subject to the Armed Career Criminal Act despite the incorrect facts stipulated in the Memorandum of Plea Agreement. (<u>Id.</u> at p. 3).  The Government asserted that Defendant's four prior felony burglary convictions fell within **the Enumerated Offense Clause** of the Armed Career Criminal Act as set forth in 18 U.S.C. § 924(e)(2)(B)(ii).  (<u>Id.</u> at pp. 3-4).  The Government indicated that Defendant's prior burglary convictions met the federal definition of generic burglary as provided in **the Enumerated Offense Clause** pursuant to the categorical approach set forth in <u>Taylor v. United States</u>, 495 U.S. 575 (1990) and the Ninth Circuit Court of Appeals' decision in <u>United States v. Stephens</u>, 237 F.3d 1031, 1034 (9th Cir. 2001).

Defendant did not object to the Draft Presentence Report and did not object to the Government's assertion that Defendant was subject to sentence enhancement because his prior felony burglary

convictions qualified as violent felonies pursuant to **the Enumerated Offense Clause** of the Armed Career Criminal Act. (ECF No. 21).

The Probation Officer incorporated the Government's clarification into the Presentence Report.

The Court adopted the findings in the Final Amended Presentence Report. On September 13, 2004, the Court sentenced Defendant to a mandatory minimum fifteen-year term of imprisonment pursuant to the Armed Career Criminal Act. (ECF Nos. 22, 23).

Defendant seeks release on bail pending the resolution of his Section 2255 Motion. (Motion for Release on Bail, ECF No. 29).

## ANALYSIS

### I.   The Court Has Authority to Grant Bail Pending Its Decision on a Section 2255 Motion in Extremely Limited Circumstances

The Parties agree that the Bail Reform Act does not apply to prisoners seeking post-conviction relief. United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994).

Authority does exist, however, for the proposition that federal district judges do have the inherent power to grant bail pending a decision in a Section 2255 habeas corpus proceeding. Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Mapp

6

v. Reno, 241 F.3d 221, 226 (2d Cir. 2001).  Such power is to be
used very sparingly.  Cherek, 767 F.2d at 337.

The Court recognizes that the Ninth Circuit Court of Appeals
has yet to address the issue.  See In re Roe, 257 F.3d 1077, 1080
(9th Cir. 2001) (vacating a district court's grant of bail, but
declining to address if the district court had the authority to
release the prisoner pending resolution of his habeas motion).

All of the other Circuit Courts of Appeals, who have
considered the issue, have found that the district court does
possess the authority to grant bail pending resolution of a
Section 2255 Motion.  See Hall v. S.F. Superior Court, 2010 WL
890044, at *2 (N.D. Cal. Mar. 8, 2010) (collecting cases).
Another District Judge in this District has ruled that such
authority exists.  United States v. Lee, Crim. No. 12-00133 JMS-
02, 2016 WL 1039046, at *2, (D. Haw. Mar. 15, 2016).

Habeas corpus is an equitable remedy to be administered with
flexibility.  Schlup v. Delo, 513 U.S. 298, 319 (1995); Harris v.
Nelson, 394 U.S. 286, 291 (1969).  The United States Court of
Appeals for the Second Circuit has found that the federal judge's
power to grant bail pending the resolution of a habeas corpus
motion is necessary in order to make the habeas remedy effective
as law and justice require.  Mapp, 241 F.3d at 226.

The Court agrees with the Circuit Courts of Appeals and the
majority of District Courts in the Ninth Circuit that have found

that District Courts have the authority to grant bail pending a determination of a Section 2255 Motion.  See, e.g., Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972); Mapp, 241 F.3d at 226 (2d Cir. 2001); United States v. Smith, 835 F.2d 1048, 1050 (3d Cir. 1987); United States v. Perkins, 53 Fed. Appx. 667, 669 (4th Cir. 2002); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek, 767 F.2d at 337 (7th Cir. 1985); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); United States v. Read-Forbes, 628 Fed. Appx. 621, 622 (10th Cir. 2016) (citing Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981)); Baker v. Sard, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969).

The Court recognizes that the authority to grant bail pending a decision on a Section 2255 Motion is limited and should be exercised sparingly.  Cherek, 767 F.2d at 337; Mapp, 241 F.3d at 226.

## II.  Standard for Granting Bail Pending Resolution of a Section 2255 Motion

Courts consider two primary factors in evaluating a request for bail in a habeas corpus proceeding:

(1)  a high probability of success on the merits on the habeas motion, and;

(2)  exceptional or extraordinary circumstances to support release on bail.

Mett, 41 F.3d at 1282;  Landano v. Rafferty, 970 F.2d 1230,

8

1239 (3d Cir. 1992).

Defendant cited the decision in Mett and the decision in Land v. Deeds, 878 F.2d 318, 318-19 (9th Cir. 1989) for the proposition that the Court should apply the test in the disjunctive.  The Mett and Deeds decisions did not analyze whether the test should be applied conjunctively or disjunctively, but rather found that the prisoners in those cases did not meet either prong of the test.  Mett, 41 F.3d at 1282; Deeds, 878 F.2d at 318.

The cases that have analyzed the test in more detail have determined that the test should be applied in the conjunctive. See Landano, 970 F.2d at 1239; Calley, 496 F.2d at 702; Martin, 801 F.2d at 329.  Both a high probability of success on the merits of the habeas motion, and exceptional or extraordinary circumstances, should be present to warrant release on bail.

The majority of District Courts in the Ninth Circuit have found it appropriate to apply the test conjunctively.  See, e.g., Lee, Crim. No. 12-00133 JMS-02, 2016 WL 1039046, *3-*4; Hall, 2010 WL 890044, *3.  Extraordinary circumstances alone would not be sufficient.

Defendant is required to demonstrate both a high probability of success in his habeas motion **and** extraordinary circumstances for granting bail pending resolution of his motion.

9

## III. Defendant's Section 2255 Motion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("a Section 2255 Motion").  The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute.  28 U.S.C. § 2255(f).

### A.   Defendant's Conviction Became Final on October 5, 2004

On September 20, 2004, Judgment was entered against Defendant.  (ECF No. 23).  Defendant did not file an appeal.  On October 5, 2004, fourteen days after Judgment was entered, Defendant's conviction became final.  Fed. R. App. P. 4(b); Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

Absent some alternative start date, Defendant's time for filing a Section 2255 Motion expired on or about October 5, 2005. Petitioner filed his Section 2255 Motion on March 21, 2016, more than ten years after the date when his judgment became final.

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

### B.   It Is Unclear if the Decision in <u>Johnson v. United States</u> Applies to Defendant

A Section 2255 Motion asserting a newly recognized constitutional right is timely if it is filed within one year of the date on which the newly recognized constitutional right was initially recognized by the Supreme Court, and if that new right is retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f); <u>Dodd v. United States</u>, 545 U.S. 353, 358 (2005).

Defendant argues that his Section 2255 Motion is timely because it was filed within a year of the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

The United States Supreme Court has not yet ruled on the question of retroactivity as to the <u>Johnson</u> decision.  On January 8, 2016, the Supreme Court granted certiorari in <u>Welch v. United States</u>, No. 15-6418, 136 S.Ct. 790 (2016).  <u>Welch</u> raises issues concerning the retroactivity and availability of a collateral attack related to the <u>Johnson</u> decision.  Oral argument was held in the <u>Welch</u> case on March 30, 2016.

Even if <u>Johnson</u> applies retroactively, Defendant has not demonstrated that the holding in <u>Johnson</u> applies to his case. The holding in <u>Johnson</u> prohibits enhancing sentences of individuals pursuant to **the Residual Clause** of the Armed Career

11

Criminal Act.  _Johnson_, 135 S.Ct. at 2557-58.

There is no indication that the holding in _Johnson_ regarding **the Residual Clause** stands for the proposition that all criminals sentenced pursuant to the Armed Career Criminal Act are entitled to resentencing.  The United States Supreme Court stated:

> Today's decision does not call into question application of the [Armed Career Criminal] Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.

> _Johnson_, 135 S.Ct. at 2563.

Defendant was not sentenced pursuant to **the Residual Clause**. Defendant was sentenced pursuant to **the Enumerated Offenses Clause**.

The Government filed a Response to the Draft Presentence Report indicating that Defendant qualified as an Armed Career Criminal pursuant to the categorical approach set forth in _Taylor v. United States_, 495 U.S. 575, 599-602 (1990) and _United States v. Stephens_, 237 F.3d 1031, 1034 (9th Cir. 2001).  (Gov't Response to Propose Presentence Report at pp. 3-4, ECF No. 20). The categorical approach set forth in _Taylor_ was used to determine that Defendant's prior state burglary convictions met the generic definition of burglary found in **the Enumerated Offense Clause** of the Armed Career Criminal Act.  (_Id._)

The Probation Office agreed and incorporated the Government's analysis into the Final Amended Presentence Report.

(Final Amended Presentence Report at p. 6, ECF No. 24).

At Defendant's September 13, 2004 sentencing hearing, the Court adopted the findings in the Final Amended Presentence Report, which stated that:

> Since the offense of conviction involves a violation of 18 U.S.C. § 922(g) and the defendant was previously convicted of at least three violent felonies which were committed on different occasions, he is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e), and is classified as an armed career criminal within the meaning of U.S.S.G. § 4B1.4(a)....Pursuant to the definition of burglary in Taylor v. United States, 495 U.S. 575, 599-602, 110 S.Ct. 2143 (1990), the defendant qualifies as an Armed Career Criminal because Burglary in the Second Degree falls within the requirements of the Armed Career Criminal Act.

(Final Amended Presentence Report at p. 6, ¶ 25, ECF No. 24).

The Addendum in the Final Amended Presentence Report incorporated the Government's full analysis demonstrating that Defendant's prior burglary convictions qualified as violent felonies pursuant to the generic definition of burglary found in **Enumerated Offense Clause.**   (Addendum at 1A, ECF No. 24).

Defendant was not sentenced under **the Residual Clause**.   The holding in Johnson has been limited to individuals sentenced pursuant to **the Residual Clause** of the Armed Career Criminal Act. Without further clarification from the United States Supreme Court, there is insufficient information to find Johnson applies to Defendant's case.

13

**C.   There Has Been No Ninth Circuit Ruling That _Descamps v. United States_ Is A New Substantive Rule**

Defendant's Section 2255 Motion also relies on the 2013 decision of the United States Supreme Court in _Descamps v. United States_, 133 S.Ct. 2276 (2013).  _Descamps_ clarified the methodology for determining if a prior conviction qualifies as a violent felony under the Armed Career Criminal Act.

Defendant cites the United States Supreme Court's decision in _Montgomery v. Louisiana_, 136 S.Ct. 718 (2016), which found that its decision prohibiting mandatory life sentences without parole for juvenile offenders announced a new substantive constitutional rule.  Defendant argues that _Montgomery_ turns _Descamps_ into a substantive rule, from a procedural rule, because "[a] rule that bars the government from inflicting a certain punishment, placing it beyond the government's power to impose, is a substantive rule."  (Def.'s Motion for Bail at p. 7, ECF No. 29).  Defendant asserts that the decision in _Descamps_ is substantive "because _Johnson_ eliminated the government's power to impose an [Armed Career Criminal Act] punishment on him under the residual clause and _Descamps_, as a result of _Johnson_, eliminated the government's power to impose an [Armed Career Criminal Act] punishment on him under the enumerated offenses and the elements/force clauses."  (_Id._ at p. 10).

Contrary to Defendant's position, the Ninth Circuit Court of

14

Appeals has ruled that <u>Descamps</u> is not a new substantive rule and does not apply retroactively on collateral review.  <u>Ezell v. United States</u>, 778 F.3d 762, 765-66 (9th Cir. 2015).  The Ninth Circuit Court of Appeals held that <u>Descamps</u> corrected the appellate court's misunderstanding of the modified categorical analysis and did not set forth a new substantive rule of law. <u>Id.</u>

Other Circuit Courts of Appeals have also found that <u>Descamps</u> does not apply retroactively to cases on collateral review.  <u>Headbird v. United States</u>, 813 F.3d 1092, 1096-97 (8th Cir. 2016); <u>In re Jackson</u>, 776 F.3d 292, 296 (5th Cir. 2015); <u>Crawford v. United States</u>, 611 Fed. Appx. 47 (3d Cir. 2015); <u>United States v. Scott</u>, 594 Fed. Appx. 560 (10th Cir. 2015); <u>United States v. Davis</u>, 751 F.3d 769, 775 (6th Cir. 2014).

Another District Court in the Ninth Circuit has ruled that a defendant sentenced pursuant to **the Enumerated Offense Clause** of the Armed Career Criminal Act is not entitled to Section 2255 habeas relief because <u>Johnson</u> does not apply and <u>Descamps</u> is not retroactive.  <u>United States v. Christian</u>, 2016 WL 1229080, *5-*7 (E.D. Wash. Mar. 28, 2016).

Defendant argues that the Ninth Circuit Court of Appeals' decision in <u>Ezell</u> that found <u>Descamps</u> does not apply retroactively is no longer good law based on <u>Montgomery</u>.  The decision in <u>Montgomery</u> does not mention <u>Descamps</u> and there is no

15

indication that it alters the Ninth Circuit Court of Appeals'
decision in Ezell.  Defendant has not cited any case that has
found that Descamps applies retroactively on collateral review.

## IV.  Defendant Has Not Demonstrated a High Probability of Success on the Merits of His Section 2255 Motion

Defendant must demonstrate a high probability of success on
the merits of his Section 2255 Motion as one of the two prongs of
the test to receive bail pending a decision on his Motion.
Defendant has not demonstrated a high probability of success.

Defendant's reliance on the standard to receive a
certificate of appealability ("COA") for a habeas petition on
appeal is misplaced.  In Defendant's Reply, he equates the high
standard required for his bail request with the lenient standard
required for the issuance of a certificate of appealability.
(Def.'s Reply at p. 12, ECF No. 33).  The standard for granting
bail should be exercised sparingly.  Cherek, 767 F.2d at 337;
Mapp, 241 F.3d at 226.

At this point in time, the holding in Johnson does not
appear to apply to Defendant's case.

## V.  Defendant Has Not Demonstrated Extraordinary Circumstances Exist

Special or extraordinary circumstances are required to
support Defendant's release on bail pending resolution of his

16

Section 2255 Motion.

Defendant argues that extraordinary circumstances apply because he may have already served the sentence that he would be given, if granted habeas relief. <u>Cohn v. Arizona</u>, 2015 WL 4607680, at *2 (D. Ariz. July 31, 2015) (citing <u>Deeds</u>, 878 F.2d at 318; <u>Salerno v. United States</u>, 878 F.2d 317 (9th Cir. 1987); <u>Landano</u>, 970 F.2d at 1239).

Defendant has not demonstrated a basis for granting habeas relief.

<strong><u>CONCLUSION</u></strong>

Defendant's Motion for Release on Bail (ECF No. 29) is **DENIED**.

//

//

//

//

//

//

//

//

//

//

17

Defendant's Section 2255 Motion (ECF No. 28) is **HELD IN ABEYANCE** pending decisions by the United States Supreme Court in <u>Welch v. United States</u>, No. 15-6418, 136 S.Ct. 790 (2016) and <u>Mathis v. United States</u>, No. 15-6092, 136 S.Ct. 894 (2016).

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, April 15, 2016.



_____
Helen Gillmor
United States District Judge

<u>United States of America v. Derrick Costa</u>, Criminal No. 04-00055 HG-01, Civil No. 16-00127 HG-RLP; **ORDER DENYING DEFENDANT DERRICK COSTA'S MOTION FOR RELEASE ON BAIL (ECF NO. 29)**
18